# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGIL RIVERS BEY, | |
| Petitioner, | CIVIL ACTION NO. 3:17-cv-00173 |
| v. | (CONNER, J.)<br>(SAPORITO, M.J.) |
| R.A. PERDUE, Superintendent FCI Schuylkill, | |
| Respondent. | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by the petitioner, Virgil Rivers Bey, on January 30, 2017. (Doc. 1). At the time of filing, Rivers Bey was incarcerated at FCI Schuylkill, a federal correctional institution located in Schuylkll County, Pennsylvania.

In his petition, Rivers Bey challenges his conviction and sentence in the United States District Court for the Eastern District of New York for bank robbery, conspiracy to commit bank robbery, and unlawful use of a firearm. *United States v. Rivers*, Case No. 1:03-cr-01120 (E.D.N.Y. sentenced Feb. 28, 2006), *aff'd* 223 Fed. App'x 50 (2d Cir. 2007). Rivers Bey contends that the sentencing court did not have proper jurisdiction over

him with respect to the firearms charge, and thus his prosecution on this charge violated his due process rights.

On March 31, 2017, the respondent answered the petition, arguing that this Court lacks subject matter jurisdiction over Rivers Bey's § 2241 petition because a § 2255 remedy is not inadequate or ineffective. (Doc. 9). On April 18, 2017, the Court received and docketed a "Truth Affidavit" by the petitioner, which we are inclined to treat as Rivers Bey's reply in support of the petition. (Doc. 10). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). The Court received and docketed a second "Truth Affidavit" by Rivers Bey on April 26, 2017. (Doc. 12). Although filed without leave of court, we will allow it and we are inclined to treat it as a supplement to the reply. *See generally Mala*, 704 F.3d at 244–46

On August 14, 2017, the Court received and filed a document by Rivers Bey captioned "No Longer Within Territorial Jurisdiction of the Court." (Doc. 14). In this document, Rivers Bey has advised the Court that he was transferred from FCI Schuylkill to FCI Fort Dix, located in

Burlington County, New Jersey. (*Id.*). He has also explicitly requested to withdraw his petition for a writ of habeas corpus. (*Id.*). Thus, the respondent having already filed an answer to the petition, we will treat this document as a motion to voluntarily dismiss this habeas action under Rule 41(a)(2) of the Federal Rules of Civil Procedure. *See generally Mala*, 704 F.3d at 244–46.

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1),[1] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court. "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.". . . In ruling on a motion to dismiss under Rule 41(a)(2), a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense. Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's

---

[1] Rule 41(a)(1) permits voluntary dismissal without court action upon the filing of a notice of dismissal by the plaintiff before an answer or summary judgment motion has been filed by the defendant(s), or upon the filing of a stipulation of dismissal signed by all parties that have appeared. Fed. R. Civ. P. 41(a)(1). Neither scenario applies in this instance.

diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party. . . . [T]he Third Circuit has taken a restrictive approach to granting dismissal without prejudice.

*Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2364 n.19 (2d ed. n.d.)) (citations and ellipsis omitted). Generally, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). *See generally* Fed. R. Civ. P. 81(a)(4) (applying Federal Rules of Civil Procedure to habeas proceedings).

Having considered these several factors, and finding no significant prejudice to the respondent would result, we recommend that the plaintiff's motion (Doc. 14) be **GRANTED** and the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2).

Dated: August 17, 2017        ***s/ Joseph F. Saporito, Jr.***
                                                 JOSEPH F. SAPORITO, JR.
                                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGIL RIVERS BEY, | |
| Petitioner, | CIVIL ACTION NO. 3:17-cv-00173 |
| v. | (CONNER, J.)<br>(SAPORITO, M.J.) |
| R.A. PERDUE, Superintendent FCI Schuylkill, | |
| Respondent. | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 17, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: August 17, 2017        *s/ Joseph F. Saporito, Jr*.
                              JOSEPH F. SAPORITO, JR.
                              United States Magistrate Judge